Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  9740

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **VERONIKA BIBIKOVA**, an individual,<br><br>Plaintiff,<br><br>   v.<br><br>**ICCO, LLC dba NOVA HEALTH**, an Oregon domestic limited liability company,<br><br>Defendant. | CASE NO.:  6:20-cv-00727-<br><br>**FLSA OVERTIME AND EQUAL PAY; FLSA RETALIATION; UNLAFWUL DISCIMINATION, and; OREGON WAGE AND HOUR LAWS**<br><br>FLSA, 29 U.S.C. § 206 *et. seq*.; ORS Chapters 652, 653, 659(a)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, VERONIKA BIBIKOVA ("Plaintiff"), bring this action for violations of the Fair Labor Standards Act ("FLSA") (29 U.S.C. §201 *et seq*.), Oregon's Unlawful Discrimination Act (ORS Chapter 659A), and Oregon Wage and Hour laws (ORS Chapters 652 and 653), against Defendant, ICCO, LLC dba Nova Health ("Defendant" or "Nova Health"), an enterprise engaged in commerce or the production or goods for commerce. Plaintiff make her allegations based upon personal knowledge, information, and belief.

## INTRODUCTION

1. Defendant, ICCO, LLC dba Nova Health owns and operates a number of Urgent Care medical facilities in Lane County, Oregon.

1 – Complaint

2. Plaintiff, Veronika Bibikova, was employed by Defendant as a Physician Assistant ("PA") at certain of Defendant's Urgent Care centers in the Eugene/Springfield area from on or around March 1, 2018 until on or around October 14, 2019.

3. Defendant notified Plaintiff on July 15, 2019 that it was terminating her employment "without cause" effective as of October 14, 2019.

4. During the term of Plaintiff's employment, Defendant paid Plaintiff as a salaried, exempt employee, when in-fact Plaintiff's pay was not a true salary, and she was a non-exempt employee entitled to overtime pay for all hours worked over 40 in a workweek.

5. During the course of her employment, Plaintiff routinely worked over 40 hours in a seven-day workweek.

6. During the course of her employment, and after complaining to Defendant that she was working more than her agreed upon (contracted) hours and as a result was not being properly compensated for all hours worked, and after further complaining that she and other female PA's were being paid less than the male physician assistants employed by Defendant, Plaintiff was subjected to repeated and severe verbal harassment by two of Defendant's managers, Human Resources Manager, Marcella Damours, and Defendant's Medical Director, Dr. Marc Schnapper. The harassment resulted in a hostile work environment, which caused Plaintiff to experience extreme emotional distress and illness. Plaintiff complained to Defendant about the hostile work environment being created by Defendant's managers but Defendant did not act on Plaintiff's complaints about a hostile work environment other than to eventually terminate her employment.

7. During the course of her employment, Plaintiff, a woman, was paid less than male employees who performed identical work under identical working conditions. Defendant did not pay Plaintiff and the other non-physician healthcare providers who worked at Eugene Urgent

2 – Complaint

Care pursuant to :(i) a seniority system; (ii) a merit system; (iii) a production-based system, or; (iv) any other factor other than sex.

8. Plaintiff demands a jury trial on all issues that may be tried to a jury.

9. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

11. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

12. Defendant, Nova Health is an Oregon domestic business corporation based in Eugene, Oregon.

13. At all material times, Defendant operated the Eugene Urgent Care walk-in medical clinic in Eugene, Lane County, Oregon

14. Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the Oregon Unlawful Discrimination Act, ORS Chapter 659A, and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

15. At all material times, Defendant operated an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of

3 – Complaint

Nova Health was in excess of $500,000 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

16. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all material times, Defendant directly or indirectly acted in the interest of an employer toward the Plaintiff including, without limitation, directly or indirectly controlling all employment terms and working conditions of Plaintiff.

18. Plaintiff currently resides in Lane County, Oregon.

## FACTS

19. At all times material to this Complaint, Plaintiff performed work as a PA related to Defendant's healthcare business for the benefit of Defendant and Defendant's customers.

20. At all times material to this Complaint, Defendant controlled Plaintiff's work, including but not limited to, setting work schedules, and specifying the manner, time, and location of work to be performed.

21. At times material to this Complaint, Plaintiff has not been properly compensated for all hours worked throughout the course of her employment by Defendant.

22. At all times material to this Complaint, Defendant willfully failed to comply with Oregon and federal wage and hour laws with respect to recordkeeping and the payment of wages and overtime compensation.

23. Records of all hours worked by Plaintiff are in possession and control of Defendant.

24. Defendant's failure to pay Plaintiff all equal wages and overtime earned resulted from the Defendant's willful act of knowingly failing to properly and fairly compensate the Plaintiff for all hours worked when Plaintiff was employed as a non-exempt employee subject to the equal pay and overtime protections of the FLSA.

4 – Complaint

25. By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations - 29 U.S.C § 207)

26. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 25 above.

27. At times material to this Complaint, Plaintiff worked in excess of 40 hours per week without receiving overtime compensation for hours worked in excess of 40 hours per week.

28. During the term of Plaintiff's employment, Defendant purported to pay her as a salaried, exempt employee.

29. Defendant paid Plaintiff according to a formula that reduced Plaintiff's pay based on the number of hours worked, and resulted in pay that varied from workweek to workweek. As a result, Plaintiff was not paid on a salary basis and was not paid for *any* of the hours that she worked over 40 in a workweek.

30. At times material to this Complaint, Defendant did not compute a regular rate of pay for Plaintiff by adding together her earnings for the workweek and dividing that sum by the total hours worked as required by 29 C.F.R. §778.111.

31. Defendant willfully failed to compute a regular rate of pay and properly compensate Plaintiff for the overtime compensation that she earned while employed by Defendant.

32. Defendant has not paid Plaintiff the correct amount of overtime pay earned at a rate equal to one and one-half of her regular rate of pay for workweeks in which she worked in excess of 40 hours in violation of 29 U.S.C. § 207.

33. For example, Plaintiff worked 8 hours of overtime during the week of September 9-15, 2018 but she was not paid for the overtime hours worked during that workweek.

5 – Complaint

34. As a result of Defendant's willful failure to pay Plaintiff overtime compensation for hours worked over 40 hours in a workweek, Plaintiff is entitled to liquidated damages for Defendant's willful failure to pay the correct amount of overtime compensation.

35. Plaintiff brings this claim against Defendant, seeking unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

### SECOND CLAIM FOR RELIEF
### (FLSA Equal Pay Law Violations)

36. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 34 above.

37. Plaintiff is a female Physician Assistant who provided direct patient care in a drop-in, or "urgent care" clinical setting.

38. Defendant employs male and female PA's to perform substantially equivalent work in the same urgent care clinical setting.

39. The work of the male and female PA's employed by Defendant requires substantially equal education, training, licensure, professional credentialing, skill, effort, and responsibility.

40. Both male and female PA's employed by Defendant perform essentially identical work under nearly identical working conditions.

41. On information and belief, Defendant employs less than 20 PA's in Lane County, Oregon.

42. At times material to this complaint, Defendant paid substantially higher monthly compensation to at least one male PA than it paid to at least five female PA's, including Plaintiff, who performed the same amount of substantially identical work in a similar setting.

43. For example, at times material to this Complaint, Morgan Bowden, a male PA, employed

6 – Complaint

at the same urgent care clinic as Plaintiff, was compensated at a rate of $10,000 per month. During the same time, Plaintiff, was initially paid $7,667 per month, which was later increased to $8,614 per month only after Plaintiff complained that she and certain other female PA's were being paid substantially less than Morgan Bowden, and, upon information and belief, certain other male PA's employed by Defendant.

44. At times material to this Complaint, Defendant compensated a less or equivalently experienced male PA at a higher rate of compensation than it paid to Plaintiff and other female PA's with more or similar levels of professional experience.

45. At times material to this Complaint, the duties and work performed by Defendant's PA's, regardless of gender, was substantially equivalent, if not identical.

46. At times material to this Complaint, Defendant paid unequal wages to male and female PA's who performed the exact same job at Defendant's urgent care clinics in Lane County, Oregon.

47. At times material to this Complaint, Defendant did not have a seniority-based, merit-based, or performance-based system for compensating its Physician Assistants.

48. At times material to this Complaint, Defendant did not base its PA compensation on any factor other than gender.

49. At times material to this Complaint, Plaintiff was paid less than her male colleague for performing the same work under the same working conditions.

50. Defendant violated the equal pay provisions of the FLSA, 29 U.S.C. § 206, by failing to pay Plaintiff the same as similarly situated male PA's.

51. As a result of Defendant's willful violation of the FLSA's equal pay provisions, Plaintiff has been damaged and is seeking economic damages, an equal amount as liquidated damages, plus pre-judgment interest and attorney fees as provided by the FLSA.

7 – Complaint

## THIRD CLAIM FOR RELIEF
### (FLSA Retaliation)

52. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 51 above.

53. On at least five occasions between October 2018 and April 2019, Plaintiff made a "complaint" regarding her pay within the meaning of 29 U.S.C. §215(a)(3) when she submitted documentation to Defendant and complained to Defendant that Plaintiff was being required to work extra hours without additional compensation, and that she was paid less than at least one of her male colleagues performing the same job, with the same qualifications and practical experience.

54. From October 2018 through July 2019, Defendant retaliated against Plaintiff for complaining about her pay and for asking to be paid equally to her male colleague(s).

55. Between October 2018 and July 2019 Defendant retaliated against Plaintiff including, but not limited to in the following ways: (i) Defendant scheduled Plaintiff to work more than her contracted hours; (ii) Defendant placed Plaintiff in fear that she would lose her job if she did not work all of the hours that Defendant scheduled her to work; (iii) Defendant created a hostile work environment by subjecting Plaintiff to no less than five undocumented disciplinary meetings with superiors that included yelling, aggressive belittling, and intimidation; (iv) Defendant, subjected Plaintiff to discipline including attacking her character and unduly criticizing the quality of Plaintiff's work, and: (v) by terminating Plaintiff's employment.

56. Defendant terminated Plaintiff's employment in retaliation for Plaintiff raising equal pay issues with Defendant.

57. Defendant further retaliated against Plaintiff when at a post-termination meeting held on July 15, 2019, Defendant's CEO, William Clendenen, threatened to change Plaintiff's

8 – Complaint

termination status from "no cause" to "for cause" if she did not agree to sign a comprehensive release of all employment related claims against Defendant. The exchange was witnessed by Defendant's Medical Director, Dr. Marc Schnapper and another member of the Defendant's administrative team.

58.     At that same July 15, 2019 meeting, Clendenen further retaliated against Plaintiff by threatening to withhold the 90 days' pay that Defendant was contractually obligated to pay Plaintiff unless Plaintiff signed a comprehensive release of any employment related claims, telling Plaintiff that the Defendant "could give you nothing".

59.     The retaliation Plaintiff was subjected by Defendant was a direct result of her request to be paid equally to her male colleagues and caused Plaintiff to suffer from severe anxiety and depression for which she has been treated.

60.     Plaintiff has been emotionally and economically damaged by Defendant's retaliation and she will be further damaged by future medical expenses.

61.     The retaliation Plaintiff was subjected to caused Plaintiff to contract a painful and disfiguring stress-induced autoimmune disorder that has required ongoing psychological and medical treatment, and which will require additional treatment including but not limited to plastic surgery to repair scarring left by dermal lesions.

62.     As a result of the retaliatory actions of Defendant and the psychological and physical harm caused thereby, Plaintiff was unable to work during the period from July 2019 to January 2020.

63.     As a result of Defendant's retaliation, Plaintiff is seeking economic damages, plus an equal amount in liquidated damages, punitive damages, plus pre-judgment interest and attorney fees as provided by the FLSA.

9 – Complaint

## FOURTH CLAIM FOR RELIEF
### (ORS 659A.199 Whistleblowing)

64. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 63 above.

65. As alleged herein, between October 2018 and April 2019, on at least five occasions, Plaintiff complained to Defendant about her pay.

66. The complaints that Plaintiff made to Defendant about pay constituted reports of information she believed, in good faith, evidenced violations of state law, rule or regulation. The laws, rules or regulation, include, but are not limited to, Oregon Wage and Hour Laws (ORS Chapter 652, and 653).

67. In response to Plaintiff's complaints about Defendant's unequal pay practices, Defendant retaliated against Plaintiff thereby violating ORS 659A.199 by: (i) scheduling Plaintiff to work more than her contracted hours when Defendant knew that Plaintiff was trying to take family leave to care for a dying parent; (ii) Defendant placed Plaintiff in fear that she would lose her job if she did not work all of the hours that Defendant scheduled her to work; (iii) Defendant created a hostile work environment by subjecting Plaintiff to no less than five undocumented disciplinary meetings and communications with superiors that included yelling, aggressive belittling, and intimidation, and: (iv) Defendant terminated Plaintiff's employment.

68. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of wages, loss of employment and employment benefits, emotional distress, mental anguish, physical injury, injury to her personal and professional reputation and loss of self-esteem and dignity.  As compensation, Plaintiff should be awarded reinstatement and backpay for her economic loss, as well as compensatory damages for her physical and emotional injuries in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Oregon Final Pay Violation)

69. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 68 above.

70. Defendant failed to pay Plaintiff overtime compensation as alleged herein.

71. Defendant failed to pay Plaintiff compensation earned and due to her, including, but not limited to, the unpaid overtime, upon termination of her employment in violation of ORS 652.140.

72. Plaintiff has been damaged by Defendant's violation of Oregon Wage and Hour Laws and is entitled to her actual damages and penalty wages pursuant to ORS 652.150 plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief against Defendant:

1. On the First Claim for Relief (FLSA Unpaid Overtime), award Plaintiff her actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to the FLSA;

2. On the Second Claim for Relief (FLSA Equal Pay Act), award Plaintiff her actual damages in an amount to be determined at trial, plus an equal amount as liquidated damages pursuant to the FLSA;

3. On the Third Claim for Relief (FLSA Retaliation), award Plaintiff her actual damages in an amount to be determined at trial, plus an equal amount as liquidated damages pursuant to the FLSA;

11 – Complaint

4. On the Fourth Claim for Relief (Oregon Unlawful Discrimination), award Plaintiff reinstatement and back pay for her economic loss, as well as compensatory damages for her physical and emotional injuries, and punitive damages in an amount to be determined at trial.

5. On the Fifth Claim for Relief (Oregon Wage and Hour Laws), award Plaintiff her actual unpaid overtime wages and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

6. Award Plaintiff her reasonable attorney fees and costs;

7. Award Plaintiff pre-judgment and post-judgment interest on her actual damages and penalty wages; and

8. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

**DATED the 2ⁿᵈ day May 2020.**          Respectfully submitted,

    /s Drew G. Johnson
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

    /s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  980746
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff